AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __John W. Elliott counsel for Christopher Lynch__ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Quanta Specialty Lines Ins. Co. v. John B. Wong, et al.__,
(CAPTION OF ACTION)

which is case number __C 08 0488 EMC__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after                                                 __January 29, 2008__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__2/7/08__                                          _____  for John Elliott
(DATE)                                                          (SIGNATURE)

Printed/Typed Name: __John W. Elliott__

As _____ of _____
       (TITLE)                                      (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

| Re: | Quanta Specialty Lines Ins. Co. v. John B. Wong dba Boxer Group, et al. |
|---|---|
| Court: | U.S.D.C., Northern Division |
| Action No. | 3:08-cv-00488-EMC |

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On February 12, 2008, I served the following document(s):

### WAIVER OF SERVICE OF SUMMONS ON CHRISTOPHER LYNCH

**By U.S. MAIL:** By placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

| | |
|---|---|
| Mr. John W. Elliott<br>Elliott & Elliott<br>225 W. Santa Clara Street, Suite 950<br>San Jose, CA 95113<br>Telephone No.: (408) 280-2160<br>Fax No.: (408) 277-0804<br>Email: | Attorneys for Counsel for Defendant:<br>JILL PEASLEY, CHRISTOPHER LYNCH,<br>and MICHAEL FONTANELLO |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 12, 2008

_____
Kathryn Shahin

49175

2