JOHN W. ELLIOTT (State Bar No. 61042)
THOMAS A. ELLIOTT (State Bar No. 68861)
GREG E. MEISENHELDER (State Bar No. 236473)
ELLIOTT & ELLIOTT
225 W. Santa Clara Street, Suite 950
San Jose, CA  95113
Tel:  (408) 280-2160
Fax: (408) 277-0804
E-mail:  gmeisenhelder@elliottandelliott.com

Attorneys for Defendants: Jill Peasley, Chris Lynch,
Michael Fontanello

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTA SPECIALTY LINES INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. WONG dba BOXER GROUP; JILL PEASLEY, a California resident; CHRIS LYNCH, a California resident; and MICHAEL FONTANELLO, a California resident,<br><br>Defendants. | Case No.: C 08 0488  EMC<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants JILL PEASLEY, CHRIS LYNCH and MICHAEL FONTANELLO ("Defendants") in answer to Plaintiff QUANTA SPECIALTY LINES INSURANCE COMPANY's Complaint for Declaratory Relief deny each and every allegation and prayer for damages, and each alleged cause of action found therein, with the following exception.

Answering Defendants admit that the Jill Peasley, Chris Lynch and Michael Fontanello are the Plaintiffs in the action entitled <u>Peasley et. al. v. John Wong dba Boxer Group, et. al.</u> in the California Superior Court for San Francisco County, Civil Action No. CGC-06-454208. Additionally, answering Defendants admit that the arbitrator has awarded an interim award in this

matter in the amount of $500,000.00 for the diminution in value to the subject property. At this time the underlying arbitration has not been concluded. All other allegations, prayers for damage and causes of action are generally and specifically denied. Moreover, Defendants Peasley, Lynch and Fontanello deny specifically and generally Plaintiff QUANTA SPECIALTY LINES INSURANCE COMPANY¢s causes of actions relating to its duty to defend, duty to indemnify, and reimbursement of defense fees from the named insured, John B Wong dba Boxer Group.

Without waiver of, and subject to, the foregoing defenses Defendants Peasley, Lynch and Fontanello alleges the following as separate and additional defenses to the Complaint for Declaratory Relief filed by QUANTA SPECIALTY LINES INSURANCE COMPANY. Each defense applies to each and every purported cause of action and all alleged facts set forth therein.

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that the Complaint for Declaratory Relief does not state facts sufficient to constitute a cause of action against these answering Defendants or others.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that this Complaint is barred by the applicable statute of limitations provisions of the Code of Civil Procedure of the State of California, and/or of other statutes in the State of California, including, without limitation, CCP § 337(1), 337.1, 337.15, 338, 340, 342, 343; California Civil Code § 3114, 3115, 3116, 3117, 3118, 3123.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that said Complainant has unreasonably delayed in bringing this action to the prejudice of answering Defendants and others, and is therefore barred from bringing this action by the doctrine of laches.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that the Complainant engaged in conduct and activities

with respect to the subject property, arbitration, defense and the subjects of the Complaint for Declaratory Relief, and by reason of those activities and conduct are estopped from asserting any claims for damages or seeking any other relief against these answering Defendants or any Defendants named in this action.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that the Complaint for Declaratory Relief is barred by virtue of Complainant's intentional relinquishment and waiver of any rights to institute this action. Complainant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in or related to the Complaint for Declaratory Relief.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that Complainant, by having been a the sole or a major contributing factor to the alleged losses of which it now complains, based upon its own joint or individual fault or misconduct, is guilty of Unclean Hands and is therefore barred from seeking the relief sought in the Complaint by the aforementioned principle, as well as by the principle of *in pari delicto*.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that Complainant is at fault in and about the matters referred to in the Complaint for Declaratory Relief, and such fault and negligence on the part of the Complainant proximately caused and contributed to the damages complained of, if any. Any fault not attributable to said Complainant was a result of fault on the part of persons and/or entities other than these answering Defendants. Such fault bars or proportionately reduces any recovery by the Complainant against these answering Defendants or other named Defendants.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION

THEREIN, answering Defendants allege that the provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code §§1431, 1431.1, 1431.2, 1431.3, 1431.4 and 1431.5) are applicable to this action, to the extent of the Complainant's injuries and damages, if any, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than answering Defendants and any recovery must be apportioned as to the fault of each party.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that Complainant failed and/or neglected to use reasonable care to minimize and/or to mitigate the losses, injuries or damages, if any, and recovery is therefore barred or proportionately reduced, accordingly.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that Complainant acted with full knowledge of all the circumstances surrounding their alleged injuries and damages, and thus assumes the risk of injury or damage, if any, and Complainant's recovery or declaratory relief is therefore barred or proportionately reduced to the extent of such assumption of risk.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that Complainant's own carelessness, negligence, fraud and/or bad faith proximately contributed to the events and damages complained of and relief being sought, if any, and, thus, either bars or proportionately reduces any potential recovery to said Complainant.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, should Complainant recover damages from answering Defendants, the latter is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately contributed to Complainant's damages, if any.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants are entitled to indemnity from Complainant and others unrelated to these answering Defendants, by contract, express indemnity or equitable principles.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, Defendants allege that, prior to the commencement of this action, answering Defendants duly performed, satisfied and discharged all duties and obligations that it may have owed to the Complainant arising out of any and all agreements, representations or contracts made by or on behalf of answering Defendants, and this action is, therefore, barred by the provisions of California Civil Code §1473.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY CAUSE OF ACTION THEREIN, answering Defendants allege that the Complainant's rights set forth in the declaratory relief action is barred due to Complainant's active negligence, fraud and/or bad faith. Complainant personally participated in affirmative acts of negligence and/or fraud, was connected with negligent or fraudulent acts and omissions by knowledge of or acquiescence therein, and failed to perform duties in connection with an obligation which Complainant undertook and agreed to perform. As there was participation in some manner by Complainant in the conduct, acts and/or omissions which, proximately or directly, caused Complainant's alleged injuries and/or damages, if any, or at all, went beyond mere failure to perform a duty imposed by law.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, the answering Defendants have been improperly served with the Complaint in the above captioned action.

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE

OF ACTION THEREIN, any causes of action in the Complaint based upon any alleged oral agreement(s) or representation(s) are barred by the Statute of Frauds.

AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, all Defendants are informed and believe and thereupon alleges that Complainant has forfeited the right, through its words and/or conduct, to bring this Complaint. Accordingly, Complainant's purported causes of action are barred by the doctrines of waiver and/or estoppel.

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, Complainant is guilty of unclean hands and is therefore precluded from any recovery. Complainant was negligent and/or fraudulent in its representations and work provided to Defendants.

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants alleges that this court lacks jurisdiction person, disputes, and/or subject matters at issue in this action.

AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants alleges that the underling state court action/arbitration is ongoing and unresolved and therefore this action is improper and must be dismissed.

AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants allege that no case or controversy exists such that this court lacks subject matter jurisdictions.

AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE

OF ACTION THEREIN, answering Defendants allege necessary and/or indispensable parties, and/or parties to be affect by this action have not been named or joined to this action.

AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants alleges that no actual controversy is at issue such that the court should decline to entertain this action.

AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants alleges Declaratory Relief is a equitable remedy and based upon the actions for Plaintiff and others this action should be dismissed.

AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants alleges that this matter has been filed in an improper venue.

AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants that Complainant has failed to join a party under Rule 19.

AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants alleges the following specific defense set forth in FRCP 8(c) including but not limited to accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR DECLARATORY RELIEF, AND EACH AND EVERY ALLEGED CAUSE OF ACTION THEREIN, answering Defendants reserve the right to allege other affirmative defenses as they may

**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**

K:\E & E Cases\peasl-1A\Pleadings\Answer.doc

1  become known during the course of discovery, and hereby specifically reserves the right to amend
2  this answer to allege such affirmative defenses at such a time as they become known.
3       WHEREFORE, the Defendants pray that the Complaint be dismissed in its entirety; that
4  Complainant's request for declaratory relief be denied; that Complainant take nothing against it or
5  any other Defendants by way of its said Complaint for Declaratory Relief; and that Defendants be
6  awarded judgment for the costs of suit and attorneys' fees herein incurred; and together with such
7  other and further relief as the Court may deem proper and just.
8       WHEREFORE, Defendants hereby demands a trial by jury.

11  DATED:  March 28, 2008                    ELLIOTT & ELLIOTT

                                              _____
14                                            JOHN W. ELLIOTT
                                              THOMAS A. ELLIOTT
15                                            GREG M. MEISENHELDER
                                              Attorneys for Defendants
16                                            Jill Peasley, Chris Lynch and
17                                            Michael Fontanello

8

**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**
K:\E & E Cases\peasl-1A\Pleadings\Answer.doc

**Quanta Specialty Lines Insurance Co. v. James B. Wong dba Boxer Group, et al.**
**U.S.D.C. Northern Division – Case No. C 08 0488 EMC**

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is 225 W. Santa Clara Street, Suite 950, San Jose, California, 95113. On the date hereinbelow, I caused to be served a true and correct copy of the following:

### ANSWER TO COMPLAINT FOR DECLARATORY RELIEF

**BY U.S. MAIL**: By placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following ordinary business practices. I am readily familiar with is businessøpractice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

**ELECTRONIC FILE TRANSFER TO ECF FILE AND SERVE**: By transmitting a true copy of the document(s) listed above for service on the party or parties listed below in this case pursuant to applicable statutes, local rules and/or order of this Court.

> Gary R. Selvin
> Joshua S. Leach
> SELVIN, WRAITH, HALMAN LLP
> 505 14th Street, Suite 1200
> Oakland, CA 94612
> Phone: (510) 874-1811
> Fax: (510) 465-8976
> Email: gselvin@selvinwraith.com

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Jose, California, on March ____, 2008.

_____
Chris Giambruno