Gary R. Selvin, State Bar No. 112030
Joshua S. Leach, State Bar No. 209061
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:   (510) 874-1811
Facsimile:   (510) 465-8976
E-mail:   gselvin@selvinwraith.com
          jleach@selvinwraith.com

Attorneys for Plaintiff
Quanta Specialty Lines Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTA SPECIALTY LINES INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. WONG dba BOXER GROUP; JILL PEASLEY, a California resident; CHRIS LYNCH, a California resident; and MICHAEL FONTANELLO, a California resident,<br><br>Defendants. | CASE NO.: 3:08-CV-00488-EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   May 14, 2008<br>Time:   1:30 p.m.<br>Place:   Courtroom C, 15th Floor, S.F.<br>Judge:   Hon. Edward Chen<br><br>Complaint Filed:   January 23, 2008 |

The parties to the above-entitled action jointly submit this case management statement.

**1.   JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over all of the claims asserted in this action based on the diversity of the parties and the amount in controversy. All parties have been served.

**2.   FACTUAL ISSUES IN DISPUTE**

On January 23, 2008, Quanta Specialty Lines Insurance Company ("Quanta") initiated this insurance coverage lawsuit against John B. Wong dba Boxer Group ("Wong"), Jill Peasley, Chris Lynch and Michael Fontanello (the "owners" or "underlying plaintiffs") seeking an adjudication of Quanta's rights, duties and obligations under a liability policy issued by Quanta to Boxer. This

dispute arises out of an underlying lawsuit the owners filed against Wong, entitled <u>Peasley, et al. v. John Wong dba Boxer Group, et al.</u>, in the California Superior Court for San Francisco County, Civil Action No. CGC-06-454208, including all cross-claims and counter claims ("the underlying action").

Quanta issued a policy of insurance to "John B. Wong DBA: Boxer Group" effective from October 13, 2005 until it was canceled effective December 22, 2005 due to nonpayment of premium. The policy provided comprehensive general liability protection with the limits of $1 million per occurrence and $2 million in the aggregate.

On or about July 14, 2006, the owners initiated the underlying action against Wong and certain other professionals who worked on the owners' home, alleging breach of contract, negligence, breach of warranty, fraud/deceit, and negligent and intentional misrepresentation. In the underlying action, the underlying plaintiffs sued Wong, a general contractor, in connection with the remodeling of a Victorian home at 2848 Steiner Street in San Francisco, California, which property was owned by the underlying plaintiffs. The underlying plaintiffs generally alleged that they contracted with Wong to improve and expand the property for the contract price of $771,000. Wong was to finish the renovation within eight months of commencement; work commenced on or around September 30, 2005. In the course of the repair, Wong removed the roof of the residence, allegedly without properly covering the property, thereby allowing water to intrude and damage the residence during subsequent storms. The underlying plaintiffs alleged that Wong constructed the building's top floor at a height in excess of that permitted by San Francisco building codes. As part of the factual dispute in this insurance coverage action, the owners will argue that Wong's construction and remodeling work caused damage to property other than his own work, including but not limited to, damage to existing framing, existing fire places and chimneys, and existing fixtures and hardwood floors.

The parties to the underlying action submitted their dispute to private arbitration, as they were contractually obligated to do. The arbitrator found that the owners' cost to repair the property was $603,780. He calculated this by evaluating the difference between the cost of reconstruction after Wong and the other professionals left the job and the amount the owners were contractually obligated to pay originally, plus the amount they actually paid for the original construction. The arbitrator rejected the owners' entitlement to carrying costs. The arbitrator determined that the diminution in

value was $500,000. Accordingly, because the diminution in value was less than the cost of repair, he limited the award to $500,000.

Additionally, as part of the final award by the arbitration in this matter the arbitrator found the following: "The Interim Award is incorporated herein, and the claimants are entitled to recover jointly and severely from both respondents compensatory damages in the amount of $500,000 and costs in the amount of $51,476.77, for a total award of $551,476.77. In addition, the claimants are entitled to recover from respondent the Boxer Group attorney fees in the amount of $166,667 and additional costs in the amount of $10,164.43. The respondents shall recover nothing on their cross actions for damages." (Final Award, Pg. 8, lines 1-9)

### 3. **LEGAL ISSUES**

Through this lawsuit, Quanta seeks a determination from this Court that it has no duty to defend or indemnify Wong from the allegations in the underlying lawsuit, and seeks an adjudication binding upon the owners that there is no coverage for their arbitration award because:

1. The underlying action does not and cannot seek damages for property damage during the policy period, caused by an occurrence; and
2. Even if the underlying action did seek damages arising from property damage, such damage would be excluded by the Course of Roofing Operations Exclusion, and by exclusions j and l.

Wong has chosen not to dispute Quanta's allegations in this lawsuit. At Quanta's request, the Court has entered Wong's default, and Quanta will shortly move for entry of default judgment.

The owners contend that under the Quanta policy there is coverage for this arbitration award because:

1. The underlying action, property damage and arbitration award are covered under the Quanta policy as it seeks damages for property damage occurring during the policy period and by a covered occurrence;
2. A significant portion of the damages subject to the underlying action and arbitration award are not excluded by the Course of Roofing Operations Exclusion, or by exclusions j and l; and

3. As the prevailing party to the arbitration, and pursuant to the terms of the contract between the Boxer Group and owners, owners are entitled to recover attorneys' fees and costs as set forth above in the arbitration award as the Quanta policy provides that Quanta "will pay, with respect to any suit against the insured Quanta defends,… all costs taxed against the insured in the suit".

## 4. MOTIONS

Wong has chosen not to dispute Quanta's allegations in this lawsuit. At Quanta's request, the Court has entered Wong's default, and Quanta will shortly move for entry of default judgment.

## 5. AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate the need to amend the pleadings but reserves their right to do so at a latter date.

## 6. EVIDENCE PRESERVATION

Both parties to this lawsuit have communicated to their clients their respective duties to preserve evidence that may reasonably be believed to be relevant to the issues in this action, including the interdiction of any document-destruction program.

## 7. DISCLOSURES

In the event that the remaining defendants intend to contest the entry of a default judgment against Wong, the parties will comply with the Federal Rules in making initial disclosures as to Wong. Plaintiff and owners will provide relevant information and documents regarding individuals likely to have discoverable information, categories of relevant documents, computation of damages, and applicable insurance.

## 8. DISCOVERY

The parties have not yet begun discovery. Plaintiff and owners anticipate serving written discovery requests and taking of depositions seeking information and documents relevant to: (i) the terms and conditions of Quanta's policy; (ii) the Owners will request the production of Quanta's claim file related to the claim against Wong, which request Quanta will oppose as irrelevant to the subject matter of this lawsuit; (iii) the allegations of the underlying complaint; and (iv) the facts that led up to and gave rise to the underlying lawsuit, (v) the owners' damage claim against Wong.

Currently, the parties anticipate that expert discovery, if any, will consist of testimony regarding insurance coverage.

**A.      Discovery Deadlines**

The parties have negotiated the following discovery plan:

1. All written discovery completed by 7/15/08.
2. All fact witness depositions completed by 9/15/08.
3. All expert witness disclosures and written reports pursuant to Rule 26(a)(2) will be made by 11/1/08.
4. All expert witness depositions completed by 12/15/08.
5. Dispositive motions should be filed no later than 2/15/09.
6. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the parties thirty (30) days prior to the pre-trial conference.
7. The parties have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

**B.      Discovery Limitations**

At this time, the parties do not anticipate the need to alter the limitations on discovery under the Federal Rules.

**C.      Deadlines For Disclosure Of Witnesses And Completion Of Discovery**

1. Disclosure of identities of all witnesses to be called in each party's case-in-chief:
    Plaintiff(s): Thirty (30) days prior to trial
    Defendant(s): Thirty (30) days prior to trial
2. Completion of all fact discovery: 9/15/08.
3. Disclosure of expert witness identities, resumes, final reports and all other matters requested by FRCP 26(a)(2):
    Plaintiff(s):    Ninety (90) days prior to trial.
    Defendant(s)   Ninety (90) days prior to trial.
4. Completion of expert discovery:  Forty-five (45) days prior to trial.

**9.   CLASS ACTIONS**

This matter is not a class action.

**10.   RELATED CASES**

This dispute arises out of an underlying lawsuit the owners filed against Wong, entitled <u>Peasley, et al. v. John Wong dba Boxer Group, et al.</u>, in the California Superior Court for San Francisco County, Civil Action No. CGC-06-454208.  There are no related cases pending in federal court.

**11.   RELIEF**

Quanta seeks a declaration that it has no duty to defend or indemnify Wong against the claims asserted in the underlying lawsuit, which declaration is binding upon the owners.  Owners seek a declaration that Quanta had a duty to defend and now has a duty to indemnify Wong against the claims, damages, attorneys' fees and costs as asserted in the underlying lawsuit and arbitration award; and any other relief the court deems appropriate.

**12.   SETTLEMENT AND ADR**

Should the owners seek to contest the entry of default judgment against Wong, the parties have agreed to participate in an early settlement conference.  The parties filed certifications in compliance with A.D.R. L.R. 3-5 in conjunction with this Joint Case Management Statement.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to have a magistrate judge conduct proceedings in this matter.

**14.   OTHER REFERENCES**

The parties agree that this action is not appropriate for referral to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

Both parties intend to file motions for summary judgment.

**16.   EXPEDITED SCHEDULE**

The parties agree that this matter is not appropriate for handling on an expedited schedule.

**17.   SCHEDULING**

See No. 8 above.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**    CASE NO.: 3:08-CV-00488-EMC

18. **TRIAL**

The parties believe that the trial will last approximately 2-3 court days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 13-6, the parties have each filed a Certification of Interested Entities or Persons. The undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Architectural Development and/or Architectural Development Inc.; is a co-defendant with John Wong dba Boxer Group in the underlying arbitration and subject to the arbitration award which is related to this Declaratory Relief action.
2. Gary Jerabeck; is believed to be the owner and/or president of Architectural Development Inc. which is co-defendant with John Wong dba Boxer Group in the underlying arbitration and subject to the arbitration award which is related to this Declaratory Relief action.

20. **OTHER MATTERS**

Owners contend that Architectural Development and/or Architectural Development Inc. should have notice of this action they are an interested entity in this action and the outcome of this action could substantially affect its liability under the arbitration award.

Dated: May 7, 2008                    SELVIN WRAITH HALMAN LLP

By: /s/
    Gary R. Selvin
    Joshua S. Leach
    Attorneys for Plaintiff
    QUANTA CAPITOL HOLDINGS, LTD.

| | | |
|---|---|---|
| 1 | Dated: May 7, 2008 | ELLIOTT & ELLIOTT |
| 2 | | |
| 3 | | By: /s/_____ |
| 4 | | John W. Elliott<br>Greg E. Meisenhelder<br>Attorneys for Defendants |
| 5 | | JILL PEASLEY, CHRISTOPHER LYNCH AND<br>MICHAEL FONTANELLO |
| 6 | 52093.doc | |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT         CASE NO.: 3:08-CV-00488-EMC**

| Re: | **Quanta Specialty Lines Ins. Co. v. John B. Wong dba Boxer Group, et al.** |
|---|---|
| Court: | **U.S.D.C., Northern Division** |
| Action No. | 3:08-CV-00488-EMC |

# PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On May 7, 2008, I served the following document(s):

**Joint Case Management Conference Statement**

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

| | |
|---|---|
| Mr. John W. Elliott<br>Elliott & Elliott<br>Thomas A. Elliot<br>Greg M. Meisenhelder<br>225 W. Santa Clara Street, Suite 950<br>San Jose, CA  95113<br>Telephone No.:   (408) 280-2160<br>Fax No.:          (408) 277-0804<br>Email: | Attorneys for Defendants:<br>JILL PEASLEY, CHRISTOPHER LYNCH,<br>and MICHAEL FONTANELLO |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 7, 2008

/s/
Kathryn Shahin

9

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**                    **3:08-CV-00488-EMC**