1  Gary R. Selvin, State Bar No. 112030
   Joshua S. Leach, State Bar No. 209061
2  SELVIN WRAITH HALMAN LLP
   505 14th Street, Suite 1200
3  Oakland, CA 94612
   Telephone:    (510) 874-1811
4  Facsimile:    (510) 465-8976
   E-mail:  gselvin@selvinwraith.com
5           jleach@selvinwraith.com

6  Attorneys for Plaintiff
   Quanta Specialty Lines Insurance Company
7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 QUANTA SPECIALTY LINES INSURANCE        CASE NO.: 3:08-CV-00488-EMC
   COMPANY, an Indiana corporation,
12                                          **ERRATA TO QUANTA SPECIALTY LINES
              Plaintiff,                    INSURANCE COMPANY'S REQUEST FOR
13                                          JUDICIAL NOTICE IN SUPPORT OF
         v.                                 MOTION FOR ENTRY OF DEFAULT
14                                          JUDGMENT**
   JOHN B. WONG dba BOXER GROUP; JILL
15 PEASLEY, a California resident; CHRIS
   LYNCH, a California resident; and MICHAEL Assigned to Magistrate Judge Edward M. Chen
16 FONTANELLO, a California resident,       Complaint Filed:  January 23, 2008

17            Defendants.

18

19 **TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

20     Whereas, Plaintiff Quanta Specialty Lines Insurance Company's Request for Judicial Notice

21 in Support of Motion for Entry of Default Judgment against John B. Wong dba Boxer Group included

22 an interim award as part of Exhibit A; Plaintiff respectfully submits the attached Final Award to be

23 included with its Request for Judicial Notice as Exhibit D.

24 Dated: July 15, 2008                      SELVIN WRAITH HALMAN LLP

25

26                                          By: _____/s/ Joshua S. Leach_____
                                                Gary R. Selvin
27                                              Joshua S. Leach
                                                Attorneys for Plaintiff
28                                              Quanta Capitol Holdings, Ltd.
   54027.doc
                                            1
   **ERRATA TO QUANTA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR
   ENTRY OF DEFAULT JUDGMENT                       CASE NO.: 3:08-CV-00488-EMC**

# PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On July 16, 2008, I served the following document(s):

**ERRATA TO QUANTA SPECIALTY LINES INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

| | |
|---|---|
| Mr. John W. Elliott<br>Elliott & Elliott<br>Thomas A. Elliot<br>Greg M. Meisenhelder<br>225 W. Santa Clara Street, Suite 950<br>San Jose, CA  95113<br>Telephone No.:   (408) 280-2160<br>Fax No.:             (408) 277-0804<br>Email: | Attorneys for Defendants:<br>JILL PEASLEY, CHRISTOPHER LYNCH,<br>and MICHAEL FONTANELLO |

**By U.S. MAIL:** By placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices.  I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

| | |
|---|---|
| Mr. John B. Wong<br>Boxer Group<br>Post Office Box 590603<br>San Francisco, CA  94159<br>Telephone No.:   (415) 933-8860 | Attorneys for:<br>In Pro Per |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 16, 2008

                                      /s/ Marisa D. Shelby
                                    Marisa D. Shelby

# EXHIBIT D

1  Hon. Laurence K. Sawyer (Ret.)
   JAMS
2  Two Embarcadero Center, Suite 1500
   San Francisco, CA 94111
3  Telephone: (415) 982-5267
   Fax: (415) 982-5287
4

5

6  ARBITRATOR

7

8                           JAMS

9  JILL PEASLEY, et al                    JAMS Ref. No: 1100049331

10        Claimants,

11                                        FINAL AWARD
   Vs
12
   JOHN WONG, et al
13
        Respondents.
14

15

16

17              POST ARBITRATION ISSUES

18

19  1. Attorney Fees

20  Claimants contend that they have a contractual right to recover attorney fees against the Boxer

21  Group as the prevailing party under ¶23 of the "Prime Construction Contract" between claimants

22  and the Boxer Group. ¶23 provides:

23

24

25        "Attorney's Fees In the event the parties hereto become
          involved in arbitration (as contemplated by Section 31) arising out of
26        this Agreement, or the performance or breach thereof, the trier of facts
          shall award reasonable costs, expenses and attorney fees to the
27        prevailing party. The trier of fact shall not be bound by any court fee
          schedule, and may, in the interest of justice, award the full amount of
28        costs, expenses and attorney fees incurred in good faith."

                                        ATTACHMENT 8(c)          1
                                          [9 pages]

RULING ON POST ARBITRATION ISSUES AND FINAL AWARD - Peasley vs. Wong, Reference No. 1100049331

1   There is no question that the claimants are the prevailing party since the arbitrator has
2   found that claimants are entitled to recover damages from the Boxer Group as a result of its
3   negligence in the construction of the remodel project on the claimants' property. The Boxer
4   Group argues that claimants are not entitled to recover attorney fees because claimants did not
5   prevail on their cause of action for breach of contract. While it is true that the arbitrator found
6   against the Boxer Group on the 4th cause of action for negligence, ¶23 of the contract is broad
7   
8   enough to include an action for tort arising out of the contract as well as an action for breach of
9   contract. See Santisas v. Goodin, 17 Cal. 4th 599, 608 (1998). Thus, the claimants are entitled to
10  recover reasonable attorney fees from the Boxer Group.
11  
12  With regard to Architectural Development (A.D.), the claimants contend that they are
13  entitled to recover attorney fees under CCP section 1029.8, which entitles a party to recover
14  treble damages as well as costs and attorney fees against an unlicensed person who causes injury
15  or damage to the party as a result of providing goods or performing services for which a license
16  is required. As a general rule, statutes which provide for recovery of damages additional to the
17  
18  actual harm incurred, such as double or treble damages, are considered penal in nature. GHII vs.
19  MTS, 147 CA 3rd 256, 277 (1983). As pointed out by A.D., the claimants have not sought to
20  recover treble damages under section 1029.8 against A.D. in their complaint. In fact, as far as
21  the arbitrator is aware, the claimants have not raised any contention that A.D. is liable for
22  damages under 1029.8, until they filed their post arbitration brief for attorney fees and costs.
23  
24  Thus, prior to raising the issue in these post-arbitration proceedings, A.D. has not had an
25  opportunity to defend against a claim under section 1029.8. Claimants argue that they are not
26  seeking treble damages, which are clearly penal in nature, but rather they are seeking only
27  attorney fees and costs as an actual damage. The arbitrator does not agree that section 1029.8
28  can be construed to allow the claimants to recover attorney fees independent of a claim for treble

2

RULING ON POST ARBITRATION ISSUES AND FINAL AWARD - Peasley vs. Wong, Reference No. 1100049331

damages under 1029.8. It seems clear that the intent of section 1029.8 is to allow an injured person to seek attorney fees in conjunction with a claim for treble damages. In other words, the arbitrator is given discretion to award attorney fees in addition to treble damages if the claimants prevail on their claim. In this case, the claimants did not seek damages under section 1029.8, and the arbitrator did not award such damages. Thus, the plaintiffs are not entitled to an award of attorney fees under 1029.8. Alternatively, the arbitrator is convinced that he should not award attorney fees in the exercise of his discretion since he did not award treble damages under section 1029.8.

The case of McKay v. Longsworth, 211 CA 3rd 1592 (1989), does not appear to assist the claimants in their argument. In that case, Dr. McKay prevailed against Longsworth in a municipal court action charging Longsworth had tortiously harmed her by engaging in the unauthorized practice of law. The municipal court held in favor of McKay and awarded her damages in the amount of $15,000 plus her attorney fees and costs. The reviewing court does note that Longsworth is liable to McKay for treble damages plus, in the court's discretion, costs and attorney fees under section 1029.8 since he caused injury to McKay by his unauthorized practice of law. But as pointed out by the reviewing court, the trial court did not apportion its $15,000 award, and it is not clear from the record whether or not McKay sought 1029.8 damages at trial. As indicated by A.D., the reviewing court's discussion of recovery under section 1029.8 appears to be dicta, and the case is not authority for the proposition that a party can recover attorney fees under section 1029.8 in absence of pleading and proving treble damages under 1029.8 at trial.

Pursuant to the contract between the parties, the claimants are entitled to recover reasonable attorney fees related to the arbitration from the Boxer Group. In addition, ¶22 of the Prime Construction Contract provides that the prevailing party in the arbitration is entitled to

3

1  recover the costs of mediation including attorney fees. There does not seem to be a dispute with

2  regard to the attorney fees of mediation counsel in the sum of $9,278.08 and the mediation costs

3  of $886.35. The Boxer Group argues that the declaration of Jill Peasley is not adequate to

4  establish that the attorney fees and costs incurred in the mediation were reasonable and

5  necessary. The declaration is adequate to establish that the attorney fees and costs were incurred,

6

7  and the arbitrator is of the opinion that the fees and costs incurred in mediation were reasonable

8  and necessary. Thus, the claimants are entitled to recover these amounts from the Boxer Group.

9         The primary issue is whether the attorney fees sought by the claimants for the arbitration

10  are reasonable. The Boxer Group argues that the claimants are not entitled to attorney fees

11  above the amount reflected in their contingency agreement of 25% (or $125,000). Initially, this

12  seems like a logical argument since it would seem reasonable that the claimants not recover

13

14  attorney fees over and above what they are obligated to pay under their agreement with their

15  attorneys. However, a contingent fee agreement is just one factor to be considered in fixing

16  reasonable attorney fees and other factors to be considered include the number of hours spent on

17  the case, reasonable hourly compensation, the novelty and difficulty of the questions involved,

18

19  and the skill displayed in presenting them. <u>Vella vs. Hudgins</u>, 151 CA 3rd 515, 521 (1984). In

20  the final analysis, the amount of reasonable attorney fees is left to the sound discretion of the trial

21  court (or arbitrator). Id. at 522.

22         Based upon the arbitrator's knowledge of the case and observation of the work performed

23

24  by the claimants' attorney, the contingent fee agreement is some evidence of the value of the

25  attorney's services, but the arbitrator is of the opinion that a one-third contingency is more

26  reasonable than a one-quarter contingency for the work performed in this case. Thus, claimants

27  are awarded attorney fees against the Boxer Group in the sum of $166,667 (or one-third of the

28  $500,000 damages awarded).

4

RULING ON POST ARBITRATION ISSUES AND FINAL AWARD - Peasley vs. Wong, Reference No. 1100049331

1. Prejudgment Interest

The claimants contend that they are entitled to prejudgment interest on the amount of damages awarded under Civil Code section 3287. Section 3287 provides in part that:

> "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day...."

The claimants argue that the award of $500,000 for diminution in value of real property as of the time that respondents left the job on April 1, 2006, is a damage certain or capable of being made certain by calculation. None of the cases cited by the claimants support their argument that they are entitled to prejudgment interest on damages to real property based on diminution in value of the property. Generally, damages are deemed certain or capable of being made certain where there is essentially no dispute between the parties concerning the computation of damages and their dispute centers on the issue of liability giving rise to damages. Duale v. Mercedez Benz, 148 CA 4th 718, 729 (2007). When the amount of damages depends on a judicial determination based upon conflicting evidence, prejudgment interest is not authorized. Polster v. Swing, 164 CA 3rd 427, 434 (1985).

The issue and amount of damages in our case was a matter of considerable dispute. The parties not only disputed the reasonable cost of repair of the property after the Boxer Group left the job but also disputed whether the cost of repair or diminution in value of the property was the correct measure of damages. The claimants argue that the respondents could have hired appraisers to determine the diminution in value of the property or that they were aware of the diminution in value as a result of disclosing appraisers on their witness list. There is no evidence that respondents were aware of any diminution in value, and in fact, they took the position that there was no diminution in value since the claimants enjoyed an increase in market value when they ultimately sold their property for more then they had invested in the property. The

5

arbitrator is not convinced that the damages were capable of being made certain by calculation because not only was the method of determining damages disputed, but the claimants strongly asserted that the cost of repair was the proper measure of damages. Essentially, the damages in this case were not certain, or capable of being made certain by calculation, until the arbitrator made his decision that diminution in value rather than cost of repair was the correct measure of damages in this case. Accordingly, the claimants are not entitled to recover prejudgment interest under Civil Code section 3287.

3. Costs

The claimants apparently contend that their costs are not governed by CCP section 1033.5 and that they are entitled to the full amount of their costs and expenses because of the language of ¶23 of the contract that "the trier of the fact shall not be bound by any court fee schedule, and may, in the interest of justice, award the full amount of costs, expenses and attorney fees incurred in good faith." However, this language refers to a local court's established schedule of attorney fees for collection actions and the like. It does not mean that the trier of fact is free to ignore the provisions of section 1033.5.

The right to recover costs is purely statutory. Perko's Enterprises v. RRNS Enterprises, 4 CA 4th 238, 241 (1992). Section 1033.5 was added to the code in 1986 to identify specified types of costs which are allowable and others which are not and to provide that costs not expressly mentioned are allowable at the court's discretion. Id. at 242. Section 1033.5 also specifically provides that allowable costs shall be reasonable in amount and shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation. CCP section 1033.5 (c)(2) and (3).

With these principals in mind the arbitrator makes the following findings with respect to

6

RULING ON POST ARBITRATION ISSUES AND FINAL AWARD - Peasley vs. Wong, Reference No. 1100049331

costs.

With regard to the declaration of Debbie Gurrola, the following costs will be allowed:

1. Arbitration fees of $16,290.99,
2. Discovery and motion costs of $33,651.10,
3. Travel costs of $904.68.

The arbitrator will disallow the following costs:

1. Expert fees, since such costs are not allowed under section 1033.5 (b)(1),
2. Miscellaneous costs, since there is no specification as to what these costs relate to.

With regard to the declaration of Ms. Peasley, the arbitrator will disallow the fees of Gavin, Bonacker and Thompson since they appear to be expert / investigative fees prohibited by section 1033.5 (b)(1) and (2). The fees and costs related to mediation will be allowed, and as previously indicated they will be charged only to the Boxer Group. The remainder of the expenses are disallowed since they do not appear to be reasonably necessary to the conduct of the litigation.

In summary, the total allowed costs chargeable to both the Boxer Group and A.D. are $51,476.77. The additional cost of the mediation in the sum of $10,164.43 is chargeable only to the Boxer Group.

7

RULING ON POST ARBITRATION ISSUES AND FINAL AWARD - Peasley vs. Wong. Reference No. 1100049331

## FINAL AWARD

The Interim Award is incorporated herein, and the claimants are entitled to recover jointly and severely from both respondents compensatory damages in the amount of $500,000 and costs in the amount of $51,476.77, for a total award of $551,476.77. In addition, the claimants are entitled to recover from respondent the Boxer Group attorney fees in the amount of $166,667 and additional costs in the amount of $10,164.43. The respondents shall recover nothing on their cross actions for damages.

Dated: 4/16/08

_____
Hon. Laurence K. Sawyer (Ret.)

Arbitrator

8

## PROOF OF SERVICE BY FACSIMILE & U.S. MAIL

Re: Peasley, Jill, et al. vs. Wong, John dba Boxer Group, et al.
Reference No. 1100049331

I, Lisa Banks, not a party to the within action, hereby declare that on April 17, 2008 I served the attached FINAL AWARD on the parties in the within action by facsimile and depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, CALIFORNIA, addressed as follows:

Gregory E. Meisenhelder Esq.
Elliott & Elliott
225 W. Santa Clara St.
Ste. 950
San Jose, CA 95113
Tel: 408-280-2160
Fax: 408-277-0804

Summer M. Smith Esq.
Murphy, Pearson, Bradley & Feeney
88 Kearny St.
10th Floor
San Francisco, CA 94108
Tel: 415-788-1900
Fax: 415-393-8087

Peter L. Weber Esq.
Murphy, Pearson, Bradley & Feeney
88 Kearny St.
10th Floor
San Francisco, CA 94108
Tel: 415-788-1900
Fax: 415-393-8087

Timothy J. Halloran Esq.
Murphy, Pearson, Bradley & Feeney
88 Kearny St.
10th Floor
San Francisco, CA 94108
Tel: 415-788-1900
Fax: 415-393-8087

Jeffrey Allen Chadic Esq.
Boornazian, Jensen & Garthe
555 12th Street
Suite 1800
Oakland, CA 94607
Tel: 510-645-2029
Fax: 510-839-1897

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on April 17, 2008.

Lisa Banks
JAMS The Resolution Experts